# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 23-15613

**Case Name** United States ex rel. Zachary Silbersher, et al. v. Allergan, Inc., et al.

**Counsel submitting this form** Nicomedes Sy Herrera of Herrera Kennedy LLP

**Represented party/parties** Appellant Zachary Silbersher (Plaintiff / Relator)

*Briefly describe the dispute that gave rise to this lawsuit.*

Appellant Zachary Silbersher commenced this suit as a qui tam relator on behalf of the United States and 29 plaintiff states alleging claims under the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, and the false claims acts of the plaintiff states. Defendants are pharmaceutical companies that manufacture, sell, and distribute the brand drugs Namenda XR and Namzaric, which are prescribed to treat Alzheimer's disease.

The complaint alleges that defendants fraudulently obtained invalid patents protecting Namenda XR and Namzaric, which they used to exclude generic competitors from selling less expensive generic alternatives for the medicine. By fraudulently obtaining these patents and then using them to exclude generic competitors, defendants significantly inflated the price of Namenda XR and Namzaric. Moreover, defendants' misconduct caused the government to purchase more expensive branded products from defendants instead of competitively priced generic medicine from competitors. The complaint alleges that defendants thereby submitted (or caused the submission of) false claims to the federal and state governments, which paid monopoly prices for the medicine as a result of defendants' fraudulent scheme.

In fact, many of the patents that Silbersher alleged to have been fraudulently procured have been invalidated, and generic companies launched lower-priced alternatives almost immediately afterwards.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

On December 12, 2020, the District Court held that Relator adequately pleaded viable claims under the FCA on the merits, and that the statute's public disclosure bar found in 31 U.S.C. § 3730(e)(4)(A) did not apply. Silbersher v. Allergan Inc., 506 F. Supp.3d 772 (N.D. Cal. 2020). This Court reversed on the public disclosure issue, but it did not disturb this Court's holding on the merits. United States ex rel. Silbersher v. Allergan, Inc., 46 F.4th 991 (9th Cir. 2022). This Court held that even though the public disclosure bar has been triggered in this case, Relator nevertheless may still maintain this qui tam if he is an "original source" under 31 U.S.C. § 3730(e)(4)(A), (B). Defendants renewed their motions to dismiss, arguing that Relator is not an "original source" under the statute. The District court granted these motions, holding as a matter of law that Relator's specialized knowledge and expertise could not qualify him as an original source, and entered judgment on March 20, 2023.

Relator appeals because the FCA recognizes that Mr. Silbersher is an "original source" because he is an "individual who . . . has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions," and he "voluntarily provided the information to the Government before filing" this action. § 3730(e)(4)(B). Under the plain meaning of the statute, a relator's expertise and specialized knowledge can satisfy the original source requirements.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No proceedings remaining below, and no related proceedings.

**Signature** /s Nicomedes Sy Herrera  **Date** May 2, 2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  Rev. 09/01/22

2