# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 14. Motion for Extension of Time

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form14instructions.pdf

**9th Cir. Case Number(s)** | 23-15613

**Case Name** | United States ex rel. Zachary Silbersher v. Allergan, Inc.

**Requesting Party Name(s)** | Adamas Pharma LLC (joined by all appellees)

**I am:**
- ○ The party requesting the extension.
- ◉ Counsel for the party or parties requesting the extension.

**I request an extension of time to file a:**
- ☒ Brief (*you **must** also complete the Declaration on page 3*)
- ☐ Motion to proceed in forma pauperis
- ☐ Motion for a certificate of appealability
- ☐ Response/opposition to a pending motion
- ☐ Reply to a response/opposition to a pending motion
- ☐ Certified Administrative Record
- ☐ Response to court order dated
- ☐ Other (*you **must** describe the document*)

The requested new due date is: Jan 29, 2024

I request the extension of time because (**cannot be left blank**):
*(attach additional pages if necessary)*

Additional time is needed for the Court to resolve a pending petition for rehearing en banc in a related case that appellant has claimed is an "intervening controlling decision" in this matter. See additional pages for a further explanation.

**Signature** | s/Andrew Hoffman, II         **Date** | Nov 30, 2023
(use "s/[typed name]" to sign electronically-filed documents)

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Declaration in support of extension to file brief under Circuit Rule 31-2.2(b)**
*Complete this section if you are requesting an extension of time to file a brief.*

1. I request an extension of time to file the [answering] brief.

    *(Examples: opening, answering, reply, first cross-appeal)*

2. The brief's current due date is: Dec 14, 2023

3. The brief's first due date was: Sep 29, 2023

4. A more detailed explanation of why the extension of time to file the brief is necessary: *(Under Circuit Rule 31-2.2(b), a request for extension of time to file a brief must be "supported by a showing of diligence and substantial need" and a conclusory statement as to the press of business does not constitute such a showing. Attach additional pages if necessary.)*

    Additional time is needed for the Court to resolve a pending petition for rehearing en banc in a related case that appellant has claimed is an "intervening controlling decision" in this matter. See additional pages for a further explanation.

5. The position of the other party/parties regarding this request is:

    ☒ Unopposed.

    ☐ Opposed by *(name of party/parties opposing this motion)*:

    ☐ Unknown. I am unable to verify the position of the other party/parties because:

6. ☒ The court reporter is not in default with regard to any designated transcripts.

    If the court reporter is in default, please explain:

7. ☒ I have exercised diligence and I will file the brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature** s/Andrew Hoffman, II     **Date** Nov 30, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 14**           3           *New 12/01/2018*

Pursuant to Circuit Rule 31-2.2(b), Adamas Pharma, LLC, Adamas Pharmaceuticals, Inc., Allergan, Inc., Allergan USA, Inc., Allergan Sales, LLC, and Forest Laboratories Holdings LTD. (collectively, "Appellees") respectfully ask this Court to extend the deadline to file their answering briefs. The briefs are currently due on December 14, 2023. Appellees respectfully ask this Court to extend that deadline by 45 days, to and including January 29, 2024. Counsel for the Appellant, Zachary Silbersher, has notified Appellees that he does not oppose the extension.

1. This is Appellees' third request for an extension. Appellees' answering briefs were originally due on September 29, 2023. This Court granted Appellees' request for a streamlined extension on September 1, 2023 making October 30, 2023 the new due date.

2. On October 13, 2023, Appellees filed a motion requesting a 45-day extension of the answering brief deadline. Appellees explained the extension would conserve party and judicial resources because it would allow additional time for the Court to resolve a pending petition for rehearing *en banc* in a related case that Mr. Silbersher has claimed is an "intervening controlling decision" in this matter. The Appellees' motion also outlined that the extension would ensure counsel for the parties had sufficient time to prepare the answering briefs in light of other case deadlines.

3. The Court granted Appellees' motion on October 26, 2023, setting the new (and current) deadline as December 14, 2023.

4. An additional 45-day extension of the answering brief deadline is warranted to continue to preserve party and judicial resources. Mr. Silbersher is the appellant in two False Claims Act cases, both of which are currently pending before this Court. On March 20, 2023, the district court entered judgment in favor of the Adamas and Allergan defendants in this case. In doing so, the district court held that the False Claims Act's public disclosure bar did not preclude Mr. Silbersher's *qui tam* lawsuit because "substantially the same" allegations or transactions that underlie his complaint were not publicly disclosed. *See Silbersher v. Allergan Inc.*, No. 18-CV-03018-JCS, 2023 WL 2593777, at *10 (N.D. Cal. Mar. 20, 2023). On August 3, 2023, the Ninth Circuit issued its opinion in a related case, *United States ex rel. Silbersher v. Valeant Pharmaceuticals Int'l*, 76 F.4th 943 (9th Cir. 2023), reversing the district court's decision dismissing Mr. Silbersher's complaint. Mr. Silbersher filed his opening brief in this appeal on August 30, 2023, in which he has argued that the decision in *Valeant* is an "intervening controlling decision" that controls the outcome in this case. *See* Opening.Br.29-44.

5. On September 18, 2023, the appellees in the *Valeant* case filed a petition for panel rehearing and rehearing *en banc*. On October 4, 2023, the Ninth Circuit ordered Mr. Silbersher to file a response to the petition for rehearing *en banc*,

2

signaling that at least one member of the Court may believe the petition has merit. *Valeant*, No. 20-16176, Dkt. 120; *see also* Circuit Rule 35-1, 35-2. Mr. Silbersher responded on October 25, 2023, and the petition remains pending.

6. Because the Court has not yet ruled on the *Valeant* petition, an additional 45-day extension of the deadline for Adamas and Allergan to file their answering briefs in this case is the most sensible course. It would be a waste of party and judicial resources for Adamas and Allergan to fully brief the "substantially the same" issue on December 14, 2023 if the Court ultimately grants rehearing *en banc* in the *Valeant* case. If the Court ends up modifying and/or reversing its decision in the *Valeant* case, the parties would need to file (potentially lengthy) supplemental briefs to address the new decision. It would be more efficient for both the parties and the Court to extend the Appellees' deadline by an additional 45 days so the parties can see whether the Court ultimately grants rehearing in *Valeant*. If the Court denies the petition, then the Appellees will file their answering briefs and will address Mr. Silbersher's arguments about the *Valeant* decision accordingly. If the Court grants the petition, then the parties may ask the Court to stay briefing in this case until the *Valeant* appeal is resolved.

7. An additional 45-day extension will also ensure that Adamas and Allergan have time to prepare answering briefs that would best aid the Court. Andrew Hoffman has principal drafting responsibility for Adamas' brief. Mr.

Hoffman is responsible for preparing briefs in *United States ex rel. Jackson v. Ventavia Research Group*, No. 1:21-cv-00008 (N.D. Tex.) (reply in support of motion to dismiss currently due December 8, 2023), and *Spencer v. Pfizer Inc.*, No. 1:22-cv-737 (W.D. Mich.) (motions to dismiss for multiple corporate and individual defendants due December 4, 2023). Erin Murphy has principal drafting responsibility for Allergan's brief. Ms. Murphy is responsible for presenting oral argument in *CREW v. AAN*, No. 22-7038 (D.C. Cir.) (oral argument on November 30, 2023), and preparing briefs in *Attorney General, FL v. NetChoice, LLC*, No. 22-277 (U.S.) (respondent's brief due November 30, 2023), *Grizzell v. San Elijo Elementary School*, No. 21-55956 (9th Cir.) (opening brief due December 4, 2023), *In re Congoleum Corp.*, No. 23-1295 (3d Cir.) (supplemental brief due December 4, 2023), and *Duncan v. Bonta*, No. 23-55805 (9th Cir.) (response brief due December 21, 2023).

8. Extending the briefing schedule in this case will not prejudice Mr. Silbersher. This case has been pending since May 2018. The parties have now been through two rounds of motion to dismiss briefing and a prior interlocutory appeal to this Court. All parties have taken briefing extensions throughout this proceeding, including Mr. Silbersher for his opening brief in this appeal.

9. An additional 45-day extension for Appellees to file their answering briefs would therefore be appropriate under the circumstances, and counsel will

exercise diligence in preparing their answering briefs in the time requested if rehearing is not granted in the *Valeant* case.