**No. 23-15613**

———————————————

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

———————————————

UNITED STATES OF AMERICA, EX REL. ZACHARY SILBERSHER, RELATOR,
*Plaintiff-Appellant,*

v.

ALLERGAN, INC.; ALLERGAN USA, INC.; ALLERGAN SALES, LLC; FOREST
LABORATORIES HOLDINGS, LTD.; ADAMAS PHARMA LLC; AND
ADAMAS PHARMACEUTICALS, INC.,
*Defendants-Appellees.*

———————————————

Appeal from the United States District Court for the Northern District of
California Civil Case No. 3:18-cv-03018-JCS (Honorable Joseph C. Spero)

———————————————

**APPELLANT'S PETITION FOR PANEL REHEARING**

———————————————

Nicomedes Sy Herrera
Bret D. Hembd
HERRERA KENNEDY LLP
1300 Clay Street, Suite 600
Oakland, CA 94612
510.422.4700

Warren T. Burns
Christopher J. Cormier
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469.904.4550

Tejinder Singh
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
202.629.3530

# TABLE OF CONTENTS

TABLE OF CONTENTS .........................................................................i

TABLE OF AUTHORITIES ...................................................................ii

PETITION FOR REHEARING ............................................................. 1

BACKGROUND .................................................................................... 1

ARGUMENT ......................................................................................... 4

    The Panel's Backhanded Dismissal of Appellant's Original Source
    Argument Was Error. ....................................................................... 4

CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Leveski v. ITT Educ. Servs., Inc.*,
719 F.3d 818 (7th Cir. 2013) ................................................................7

*Silbersher v. Valeant Pharms., Int'l, Inc.*,
89 F.4th 1154 (9th Cir. 2024) .........................................................2

*United States ex rel. Hagood v. Sonoma Cnty Water Agency*,
929 F.2d 1416 (9th Cir. 1991) ........................................................5

*United States ex rel. Maur v. Hage-Korban*,
981 F.3d 516 (6th Cir. 2020) ..........................................................6

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
812 F.3d 294 (3d Cir. 2016) ...........................................................6

*United States ex rel. Reed v. KeyPoint Gov't Sols.*,
923 F.3d 729 (10th Cir. 2019) ....................................................6, 11

*United States ex rel. Rubin v. Sterling-Knight Pharms.*, LLC,
2023 WL 3190732 (M.D. Fla. Mar. 23, 2023) .......................................7

*United States ex rel. Silbersher v. Allergan, Inc.*,
2025 WL 325761 (9th Cir. Jan. 29, 2025) .............................. 1, 3, 4, 11

*United States ex rel. Winkelman v. CVS Caremark Corp.*,
827 F.3d 201 (1st Cir. 2016) ...........................................................6

*Wang v. FMC Corp.*,
975 F.2d 1412 (9th Cir. 1992), *overruled on other grounds as stated in United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015) ........................................................5

## Statutes

31 U.S.C. § 3730(e)(4) ....................................................................1

31 U.S.C. § 3730(e)(4)(A) ...............................................................1

31 U.S.C. § 3730(e)(4)(B) .............................................................2, 12

**Other Authorities**

145 Cong. Rec. E1546-01 (daily ed. July 14, 1999),
   1999 WL 495861 ................................................................... 13

## PETITION FOR REHEARING

Plaintiff-Appellant Zachary Silbersher respectfully seeks panel rehearing because the panel's decision (Dkt. 61-1, available at *United States ex rel. Silbersher v. Allergan, Inc.*, 2025 WL 325761 (9th Cir. Jan. 29, 2025)) contains a fundamental and outcome-determinative error of statutory interpretation.

## BACKGROUND

This False Claims Act (FCA) action alleges that defendants defrauded the Patent Office to prolong their monopoly protecting lucrative Alzheimer's drugs, fraudulently causing the Government to pay billions more than it should have paid for these drugs.

This appeal involves application of the FCA's public disclosure defense. 31 U.S.C. § 3730(e)(4). As relevant here, this affirmative defense entitles defendants to dismissal if two criteria are met: First, qualifying public disclosures must disclose "substantially the same" fraud as alleged in a whistleblower's complaint. *Id.* § 3730(e)(4)(A). Second, the whistleblower must not qualify as an "original source," defined in relevant part as a person "who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." *Id.*

1

§ 3730(e)(4)(B). The purpose of the public disclosure defense is to weed out parasitic lawsuits where plaintiffs merely repackage publicly available information to claim a bounty, without adding anything important to the Government's fraud-fighting efforts.

Here, appellant argued that facially innocuous materials in disparate public sources did not disclose "substantially the same" fraud he alleged, and that it was only his specialized expertise that allowed him to discern and allege an otherwise-invisible fraud. He based this argument principally on this Court's precedential decision in *Silbersher v. Valeant Pharmaceuticals, International, Inc.*, 89 F.4th 1154 (9th Cir. 2024), decided after the notice of appeal in this case was filed, which held that indistinguishable public disclosures did not disclose "substantially the same" fraud as a similar complaint. *See* OB29-44; Reply 5-17.

Appellant argued in the alternative that even if the "substantially the same" prong were satisfied, he qualifies as an "original source" because his specialized expertise in patent law constitutes "knowledge" that is "independent of and materially add[ed] to" the facially innocuous public disclosures—again because it revealed the otherwise-invisible fraud. *See* OB44-72; Reply 18-28.

The Court held that appellant waived his first argument because he previously (before *Valeant*) conceded that the "substantially the same" element was met, and couched his arguments about expertise only as "original source" arguments. *See Allergan*, 2025 WL 325761, at *1. Thus, even though appellant would win under this Court's intervening decision in *Valeant*, appellant was denied any benefit from that decision.

The Court then summarily rejected appellant's original source argument, holding, in sum and substance, that arguments about appellant's expertise are *only* relevant to whether the public disclosures reveal "substantially the same" fraud, and have no bearing on whether appellant qualifies as an original source. Thus, the panel stated:

> *Valeant* makes clear that Silbersher's argument that his expertise allows him to act as a *qui tam* relator is assessed under the "substantially the same" prong of the public disclosure bar, not the original source exception. In *Valeant*, we allowed Silbersher to proceed because "the scattered qualifying public disclosures ... each contain[ed] a piece of the puzzle, but when pieced together, they fail[ed] to present the full picture of fraud." The court in *Valeant* determined that Silbersher's expertise brought those pieces of the puzzle together to "provide a critical fact necessary for scienter: [defendants] took conflicting positions in their patent prosecutions." Silbersher did not trigger the public disclosure bar in *Valeant* because "[n]either of [the] patent prosecutions, or any other disclosure, reveals that fact."

3

Silbersher argued in *Valeant* that he used his expertise to piece together information and thereby avoided the public disclosure bar. He makes the same assertions here. Therefore, Silbersher's expertise argument is assessed under the "substantially the same" prong rather than the original source exception. As laid out above, Silbersher's November 2020 waiver already conceded that his claims are substantially the same as those in the public patent prosecution histories. Accordingly, the public disclosure bar applies, and we do not reach his arguments improperly directed to the "original source" exception.

2025 WL 325761, at *2 (citations omitted).

This petition followed.

## ARGUMENT

### The Panel's Backhanded Dismissal of Appellant's Original Source Argument Was Error.

The panel's treatment of appellant's original source argument was error, and the panel should correct it. *First*, *Valeant* never says, or even suggests, that a whistleblower's expertise cannot satisfy the original source inquiry. The Court apparently inferred that conclusion from the fact that *Valeant* ruled in the relator's favor on the "substantially the same" argument, and thus never reached the original source question. But the reason the Court never addressed the original source arguments in *Valeant* is that it did not have to (because the original source inquiry

4

only kicks in once the public disclosure defense is triggered)\*; the Court did not conclude that expertise-based arguments cannot satisfy the original source criteria. Or, to put it another way, just because *Valeant* held that expertise-based arguments are sufficient to defeat application of the public disclosure bar in *one way* does not suggest that they cannot defeat it in more than one way. Not even the defendants argued otherwise. Instead, Adamas contended that *Valeant* "say[s] nothing about the original source rule." Adamas Br. 33. And Allergan said nothing about *Valeant* in its original source argument at all.

*Second*, and more broadly, the notion that similar arguments cannot do double-duty is plainly wrong. In determining whether a plaintiff's knowledge is independent of and materially adds to the publicly disclosed allegations or transactions (for original source purposes), the Court will naturally evaluate many of the same factors it

---

\* *See, e.g.*, *Wang v. FMC Corp.*, 975 F.2d 1412, 1416 (9th Cir. 1992) ("Where there has been no 'public disclosure' … there is no need for a *qui tam* plaintiff to show that he is the 'original source' of the information."), *overruled on other grounds as stated in United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1123 (9th Cir. 2015); *United States ex rel. Hagood v. Sonoma Cnty Water Agency*, 929 F.2d 1416, 1420 (9th Cir. 1991) (explaining that "there is no need to invoke" the original source exception when the public disclosure bar "does not apply").

considers when assessing whether the plaintiff's allegations are substantially the same as those already publicly disclosed (for assessing whether a public disclosure has occurred).

The Court will perform both inquiries by comparing the plaintiff's complaint to the public disclosures—and for both inquiries, the more the plaintiff's complaint merely regurgitates publicly disclosed allegations or transactions, the less likely the plaintiff is to prevail. Indeed, appellate courts applying the applicable 2010 version of the original source exception routinely acknowledge that "[t]he question of whether a relator's information 'materially adds' to public disclosures often overlaps with the questions of whether public disclosure has occurred and, if so, whether the relator's allegations are substantially the same as those prior revelations." *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 211 (1st Cir. 2016); *see also United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 525 (6th Cir. 2020) (same); *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 756-57 (10th Cir. 2019) (similar); *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306 (3d Cir. 2016) (similar). And in the rare cases in which courts rule in a plaintiff's favor on both arguments (such

6

cases being rare because if a court rules in plaintiff's favor at the first step, it need not reach the original source exception), they typically rely on the same facts for both determinations. *See, e.g.*, *Leveski v. ITT Educ. Servs., Inc.*, 719 F.3d 818, 836 (7th Cir. 2013) (holding that relator was "original source of" her allegations "[f]or the same reasons that we found that" the allegations were "not 'based upon' a prior public disclosure"); *United States ex rel. Rubin v. Sterling-Knight Pharms.*, LLC, 2023 WL 3190732, at *6 (M.D. Fla. Mar. 23, 2023) (finding both inquiries satisfied when plaintiff added additional facts to public disclosures).

To understand why the same arguments must apply to both inquiries, consider a hypothetical that has nothing to do with the plaintiff's expertise. Imagine that a plaintiff with detailed knowledge of the facts properly pleads an FCA case against a pharmaceutical company based on fraudulently overcharging the Government for drugs. The defendant asserts a public disclosure defense, relying on an article in the *New York Times* that the defendant says discloses the fraud. As a matter of fact, the article is completely irrelevant: it says nothing whatsoever about the defendant, the alleged fraud, or anything else pertinent; in fact, it is just a restaurant review.

Plainly, the plaintiff *could* argue that because his complaint includes pertinent allegations that do not appear in the article and cannot be inferred from it, the article does not disclose "substantially the same" allegations or transactions as the complaint. Indeed, the plaintiff could point to binding precedent holding that when public sources do not disclose the elements of the alleged fraud, the public disclosure bar is not triggered. But for purposes of the hypothetical, assume the plaintiff expressly waives that argument—and instead hangs his hat exclusively on the original source exception, confident that he can proceed because the plaintiff's knowledge of the fraud is independent of the restaurant review (which it obviously is), and materially adds to the facts disclosed therein (which it obviously does by actually revealing fraudulent conduct). Under the panel's logic, the plaintiff would *lose*—even though he qualifies as an original source under the plain language of the statute—because he could have advanced his winning arguments under a different label. That makes no sense.

The hypothetical is obviously absurd. But the absurdity illustrates the point most vividly. Even tweaking the hypothetical to be more realistic—*e.g.*, the *New York Times* article is more relevant to the case,

but not sufficiently revelatory to disclose substantially the same fraud—the rule and result are the same: Just because a plaintiff *could* defeat the public disclosure bar by arguing the "substantially the same" point doesn't mean that the plaintiff *must lose* if he instead advances the same arguments to show that he qualifies as an original source. Nothing in the statutory text, precedent, or logic compels the Court to silo arguments in that manner. And in fact, doing so would undermine the important changes Congress made in 2010 to make it easier for expert relators who were not traditional insider whistleblowers to bring meritorious suits to help fight fraud.

The opposite should be true: Cases in which the plaintiff can win the "substantially the same" inquiry are cases in which the plaintiff should always be able to win the "original source" argument. That is because, if the plaintiff's allegations are not "substantially the same" as the public disclosures, then whatever additional knowledge the plaintiff has contributed, by definition, "materially added" to the disclosures. Thus, if a plaintiff in that situation unwisely waives the "substantially the same" argument, he should almost certainly nevertheless prevail under the original source exception.

It makes perfect sense that the same facts that would defeat application of the public disclosure defense in the first instance also satisfy the original source exception. Recall that the original source exception comes into play *only* when the public disclosure defense has been triggered. This means that the hurdle to qualify as an original source must be *lower* than the hurdle to avoid triggering the public disclosure defense. Otherwise, the original source exception would do no work because every time public sources disclose "substantially the same" fraud, no whistleblower could supply information that "materially adds" to the public disclosures. It follows, then, that if the relator can clear the more demanding hurdle under the "substantially the same" inquiry, he can also clear the less demanding "original source" hurdle.

This result also makes sense as a matter of Congressional intent. If the truth of the matter is that the allegations in the complaint are not substantially the same as the public disclosures, Congress wanted the action to proceed. It is immaterial whether the Court reaches that correct result by holding that the public disclosure bar does not apply, or by holding that the original source exception does apply. Either way, the action should go forward.

Circling back to this case, appellant should prevail. Here, as in *Valeant*, appellant was the only one to discern conflicting positions in disparate patent prosecutions and bring together the whole picture of defendants' fraud. Indeed, as the panel itself acknowledged, the arguments here and in *Valeant* are the same: "Silbersher argued in *Valeant* that he used his expertise to piece together information and thereby avoided the public disclosure bar. He makes the same assertions here." 2025 WL 325761, at *2 (citation omitted). Moreover, here, as in *Valeant*, "Silbersher's expertise brought those pieces of the puzzle together to provide a critical fact necessary for scienter: defendants took conflicting positions in their patent prosecutions. Silbersher did not trigger the public disclosure bar in *Valeant* because neither of the patent prosecutions, or any other disclosure, reveals that fact." *Id.* (cleaned up). So too here. Accordingly, had appellant not waived the argument in this case, he would have cleared the *higher* hurdle of showing that the public disclosure bar does not apply under *Valeant*. It follows *a fortiori* that he clears the *lower* hurdle of the original source exception by providing the same critical scienter fact as he did in *Valeant*. *Cf. Reed*, 923 F.3d at 760 (explaining that the plaintiff's "allegations of scienter make us especially

confident that her allegations regarding [the defendant's fraudulent] practices satisfy the materially-adds standard" because "False Claims Act cases often turn on the issue of scienter").

Even if the Court does not hold that appellant automatically wins under the foregoing logic, the Court should—at an absolute minimum—address appellant's original source argument on its own terms, rather than holding that because appellant *could have* advanced these arguments under the "substantially the same" prong, he was precluded from also advancing them to support his original source claim. When the Court does consider the argument, it should recognize that Congress substantially amended the definition of an "original source" in 2010 to remove the requirement that a whistleblower must have direct knowledge of the fraud, and replaced that with the current definition, which applies whenever the plaintiff "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B). The clear import of the amendment is to authorize suits by knowledgeable outsiders who use "their education, training,

experience, or talent to uncover a fraudulent scheme from publicly available documents," 145 Cong. Rec. E1546-01 (daily ed. July 14, 1999), 1999 WL 495861, at *E1547, as the architects of the public disclosure bar always intended. This matters because the 2010 amendments were expressly intended to overrule judicial precedents that adopted an unduly narrow construction of the public disclosure bar—including many of the precedents appellees relied upon. This Court should so hold.

## CONCLUSION

Rehearing should be granted. Upon rehearing, the Court should reverse the district court's dismissal of plaintiff's complaint.

March 31, 2025

Respectfully submitted,

*s/ Tejinder Singh*
Tejinder Singh
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
202.629.3530
tejinder@sparacinopllc.com

Nicomedes Sy Herrera
Bret D. Hembd
HERRERA KENNEDY LLP
1300 Clay Street, Suite 600
Oakland, CA 94612
510.422.4700
855.969.2050 (fax)

13

NHerrera@HerreraKennedy.com
BHembd@HerreraKennedy.com

Warren T. Burns
Christopher J. Cormier
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
469.904.4550
WBurns@BurnsCharest.com
CCormier@BurnsCharest.com

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 23-15613

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

⦿ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** | 2542 |.
*(Petitions and responses must not exceed 4,200 words)*

**OR**

◯ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/Tejinder Singh | **Date** | 3/31/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11** | *Rev. 12/01/24*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Appellant's Petition for Panel Rehearing to be filed using the Court's CM/ECF system on March 31, 2025. All counsel to parties to the case are ECF users.

s/ Tejinder Singh

March 31, 2025